UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARRYL RANSOME,

                          Plaintiff,

          -vs-                              **No. 1:14-CV-00386 (MAT)**
                                            **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                          Defendant.

_____

## I.   Introduction

Represented by counsel, Darryl Ransome ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## II.  Procedural History

The record reveals that in January 2011, plaintiff (d/o/b December 28, 1965) applied for SSI, alleging disability as of August 2004. After his application was denied, plaintiff requested a hearing, which was held before administrative law judge William

E. Straub ("the ALJ") on November 29, 2012. The ALJ issued an unfavorable decision on December 28, 2012. The Appeals Council denied review of that decision and this timely action followed.

## III. The ALJ's Decision

At step one of the five-step sequential evaluation process, see 20 C.F.R. § 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since January 25, 2011, the application date. At step two, the ALJ found that plaintiff suffered from the following severe impairments: back disorder; hip disorder; shoulder disorder; asthma; borderline intellectual functioning; post-traumatic stress disorder ("PTSD"); and polysubstance abuse disorder, "currently in early remission and not material." T. 18. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: he was capable of performing simple, repetitive tasks in a low contact, low stress environment, and should avoid respiratory irritants. At step four, the ALJ found that plaintiff had no past relevant work. At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, there were jobs existing in significant

numbers in the national economy which plaintiff could perform. Accordingly, he found that plaintiff was not disabled.

## IV. Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhard, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff argues that the ALJ failed to fully develop the record in this case. Specifically, plaintiff contends that the ALJ erred in giving limited weight to consulting examining psychologist Dr. Sandra Jensen's opinion, while giving great weight to the opinion of non-examining consulting psychologist Dr. Martha Totin. Plaintiff argues that instead of assigning great weight to Dr. Totin's opinion, the ALJ should have developed the record further by clarifying Dr. Jensen's vague opinion as to plaintiff's cognitive limitations. The Court agrees.

Initially, the Court notes that no treating source opinions appear in this record; the only opinions as to mental limitations were made by Drs. Jensen and Totin. Dr. Jensen performed a consulting examination in May 2011. Plaintiff reported having been

involved in a motor vehicle accident and experiencing post-traumatic symptoms as a result.[1] Notably, the examination notes do not indicate that plaintiff actually reported ever sustaining a head injury. Nevertheless, Dr. Jensen noted that "[c]ognitive symptoms [were] reported significant, suggesting traumatic brain injury ["TBI"]." T. 413. Plaintiff reported "short-term memory deficits, concentration difficulties, trouble with organization, abstraction, long-term memory, word finding deficits, and sequencing difficulties." Id. On mental status examination, Dr. Jensen found that plaintiff's attention and concentration were "[i]mpaired, likely due to cognitive dysfunction secondary to TBI." T. 414. Plaintiff was able to do one-step, but not two-step, calculations; he could not concentrate to do serial three subtractions; and he could not count backwards from 20. His recent and remote memory skills were also impaired: he could name objects immediately but not after one minute or five minutes. Dr. Jensen noted that plaintiff's "intellectual functioning premorbidly was probably in the average range," but at the time of the examination "it [was] probably in the below average range." Id.

     According to Dr. Jensen, plaintiff could follow and understand simple directions and instructions, perform simple tasks with supervision, and maintain a regular schedule within normal limits.

---

[1] The record reveals that plaintiff was involved in motor vehicle accidents in 1995, 1998, and 2005. In the first of those accidents, plaintiff was actually hit as a pedestrian exiting a car. However, none of the records of those accidents document head injuries.

However, she opined that his "ability to maintain attention and concentration, learn new tasks, perform complex tasks with supervision, make appropriate decisions, relate adequately with others, and appropriately deal with stress [would] be *mildly to markedly* impaired due to cognitive deficits." T. 415 (emphasis added). In Dr. Jensen's opinion, plaintiff's "psychiatric problems in themselves would probably not significantly interfere with [his] ability to function on a daily basis, but his cognitive problems appear to, in that it [it] was difficult for him to maintain attention and remember things even on a short term basis." Id. Dr. Jensen recommended an organicity evaluation[2] with a Wechsler Memory Scale, noting that this "may be beneficial to determine the extent of the cognitive deficit." T. 416. Dr. Jensen noted a fair prognosis, "if the etiology and course of [plaintiff's] cognitive deficits [were] discovered and ameliorated." Id.

State reviewing psychologist Dr. Totin completed a psychiatric review technique ("PRT") in which he found that plaintiff had moderate limitations in social functioning, activities of daily living, and concentration, persistence, and pace. Dr. Totin's narrative summary of plaintiff's file focused on the fact that records of his car accidents did not reflect head injuries. Dr. Totin noted that plaintiff's treatment history revealed court-mandated drug and alcohol treatment in 2003, and opined that drug abuse and alcoholism "may have been a factor [at Dr. Jensen's

---

[2] An organicity evaluation is a mental or behavioral examination which is differentially sensitive to the impacts of brain injury or malfunction.

examination] despite the [plaintiff's] report to the contrary." T. 450. Dr. Totin did not give an explanation or state evidence in support of this statement, other than her assessment that plaintiff's overall credibility was questionable due to inconsistencies between his medical history and his reports.

As the Commissioner points out, two requests for medical advice were submitted to Dr. Totin inquiring about the need for an organicity evaluation per Dr. Jensen's recommendation. After reviewing plaintiff's file, Dr. Totin advised that an organicity evaluation was not necessary, noting that there were no medical records in the file "substantiat[ing] any [history] of head injury or cognitive impairment." T. 435. Dr. Totin also advised, as she stated in the PRT, that plaintiff's history "*raised the possibility that* [drug abuse or alcoholism] *may have been a factor*" at plaintiff's examination with Dr. Jensen. Id. (emphasis added).

The Court finds that the ALJ erred in giving significant weight to Dr. Totin's opinion, while giving limited weight to Dr. Jensen's. A similar fact pattern was presented in Maldonado v. Comm'r of Soc. Sec., 2014 WL 537564, *15-16 (E.D.N.Y. Feb. 10, 2014). In Maldonado, the ALJ gave only "some" weight to the consulting agency psychologist because her opinion was "vague." Id. at *15. Instead, the ALJ in Maldonado gave "great" weight to the state agency reviewing psychologist's opinion, finding that it was "consistent with the record of Maldonado's scant mental health treatment." Id.

Here, before discussing Dr. Jensen's opinion, the ALJ noted
that plaintiff "never had any psychiatric treatment or
hospitalizations for [PTSD], nor [did] he take any psychotropic
medications." T. 22. The ALJ found that "[w]hile [he] agree[d] with
[Dr. Jensen's] conclusion that [plaintiff was] capable of
performing simple work within normal limits, her assessment of his
limitations in other work related activities [was] vague, as she
stated that he was 'mildly to markedly limited' in those areas."
T. 22. He also found that Dr. Jensen's opinion that plaintiff's
*psychiatric* problems would not significantly interfere with his
functioning was not supportive of marked limitations. However, the
ALJ ignored that the "mild to marked" limitations Dr. Jensen
discussed were in relation to *cognitive*, not psychiatric,
limitations. The ALJ then proceeded to give significant weight to
Dr. Totin's reviewing opinion, finding that it was "consistent with
the medical evidence of record and support[ed] the [RFC]" found by
the ALJ. Id.

As the Court in Maldonado reasoned, "it is improper to rely on
the opinion of a non-treating, non-examining doctor because the
inherent subjectivity of a psychiatric diagnosis requires the
physician rendering the diagnosis to personally observe the
patient." 2014 WL 537564, at *15 (quoting Fofana v. Astrue, 2011 WL
4987649, *20 (S.D.N.Y. Aug. 9, 2011) (quoting Velazquez v.
Barnhart, 518 F. Supp. 2d 520, 524 (W.D.N.Y. 2007)). "Accordingly,
'the conclusions of a physician who merely reviews a medical file
and performs no examination are entitled to little, if any,

7

weight.'" Id. (quoting Filocomo v. Charter, 944 F. Supp. 165, 170 n.4 (E.D.N.Y. 1996)). The Maldonado court found that the ALJ should have given greater weight to the examining psychologist's opinion, but "could not properly do so because [the examining] opinion contained inconsistencies and ambiguities that rendered it useless to help the ALJ determine [the plaintiff's] RFC." Id. at *16. Therefore, the court framed the issue as one of development of the record, noting that the ALJ "bears this duty as part of the requirement to 'seek additional evidence or clarification from [the] medical source when a report from [that] medical source contains conflict or ambiguity that must be resolved, [or] the report does not contain all the necessary information.'" Id. (quoting Calzada v. Astrue, 753 F. Supp. 2d 250, 276 (S.D.N.Y. 2010)).

Accordingly, the Maldonado court found, "[t]he ALJ had an affirmative duty to develop the record and use reasonable efforts to seek the additional information from [the examining psychologist] that would clarify his RFC assessment." Id. Similarly, the ALJ here had a duty to clarify Dr. Jensen's obviously vague findings that, due to his cognitive deficits, plaintiff would be "mildly to markedly" impaired in the "ability to maintain attention and concentration, learn new tasks, perform complex tasks with supervision, make appropriate decisions, relate adequately with others, and appropriately deal with stress." T. 415. If these abilities were in fact limited to a marked extent, they would likely preclude plaintiff sustaining work on a

full-time basis. Dr. Jensen recommended an organicity exam and Wechsler Memory Scale, believing that such testing would be "beneficial to determine the extent of the cognitive deficit." T. 416. Thus, Dr. Jensen's own examination actually suggested the manner in which plaintiff's limitations stemming from cognitive deficits could actually be pinpointed.

The Court notes that this case does differ from Maldonado, and the precedent cited therein, in the type of mental impairment presented. As Dr. Totin noted, typically, a TBI would be evidenced by objective medical findings. In that regard, cognitive deficits from a TBI differ from other mental health impairments. However, despite the fact that plaintiff apparently reported no head injuries to Dr. Jensen, she still opined that the cognitive deficits found during his examination were most consistent with TBI. Moreover, regardless of the source of plaintiff's cognitive deficits, whether it be TBI or some other etiology, the actual *limitations* stemming from those deficits were never specified in this case. Because Dr. Jensen was the only examining source to give any opinion as to plaintiff's functional limitations, her opinion was entitled to more than limited weight. More importantly, because her opinion was quite vague, it should have been clarified.

The Court thus finds that under these circumstances, the ALJ erred in giving great weight to Dr. Totin's opinion that plaintiff's former drug abuse and alcoholism (which the ALJ explicitly found was noncontributing to plaintiff's disability) "*may* have been a factor [at Dr. Jensen's examination] despite the

[plaintiff's] report to the contrary." T. 450 (emphasis added). The Court notes, again, that Dr. Totin's opinion did not cite any particular evidence in the record supporting a finding that plaintiff's drug abuse or alcoholism actually contributed to cognitive deficits, but rather appeared to reflect mere speculation based on Dr. Totin's conclusion that plaintiff was less than fully credible. For this reason, the ALJ erred in relying on Dr. Totin's reviewing opinion, when it stood in conflict with an examining opinion.

In short, the only examining psychologist, Dr. Jensen, believed that further testing was necessary in order to determine the extent to which plaintiff could function in a work setting. Also, further examination may bear on whether plaintiff suffers from traumatic brain injury as defined in the listings. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.00F (noting that TBI is assessed with reference to Listing 11.18, which in turn states that cerebral trauma is to be evaluated under Listings 11.02, 11.03, 11.04, and 12.02, as applicable). Moreover, the findings of Dr. Jensen's examination, that plaintiff would have "mild to marked" limitations in a variety of important work-related functions, were simply too vague upon which to rely in formulating a proper RFC. The ALJ's election to rely instead on the opinion of the state agency reviewing psychologist (Dr. Totin) constituted reversible error. On remand, the ALJ is directed to clarify Dr. Jensen's findings with regard to her statement of "mild to

marked" limitations in various areas related to cognitive functioning.

Having found remand necessary, the Court declines to address plaintiff's remaining argument regarding the weight given to Dr. Totin's reviewing opinion. On remand, the ALJ is directed to assign appropriate weight to the medical source opinions in accordance with this Decision and Order and in compliance with the applicable regulations. See 20 C.F.R. § 416.927.

## V. Conclusion

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Doc. 10) is denied and plaintiff's motion (Doc. 6) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:    February 29, 2016
          Rochester, New York.